UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---

**SECURITIES AND EXCHANGE COMMISSION,**
100 F Street, N.E.
Washington, DC 20549,

                             Applicant,

v.

**TOM SIMEO,**
2270 2nd Ave.
Apt. 3A
New York, NY 10035-4876,

                             Respondent.

Misc. No. :

---

**APPLICATION OF SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER TO SHOW CAUSE AND AN ORDER
<u>REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS</u>**

1. Applicant Securities and Exchange Commission ("SEC") hereby applies to the Court for an order that Respondent Tom Simeo appear before the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, DC, 20001, to show cause, if there be any, why he should not be ordered by this Court to produce documents pursuant to the SEC's Administrative Subpoena issued on March 10, 2017, and to provide testimony pursuant to the SEC's Administrative Subpoena issued August 3, 2017.

2. In support of this Application, the SEC submits the accompanying Declaration of Laura D'Allaird ("D'Allaird Decl."), along with attached exhibits, and a Memorandum of Law in Support of Application for an Order to Show Cause and Order Requiring Compliance with Administrative Subpoenas.

3.      Respondent Tom Simeo ("Simeo") has refused to comply with a Subpoena requesting documents issued by the Securities and Exchange Commission (the "SEC") (the "Document Subpoena"). Simeo also has refused to comply with a Subpoena for his personal testimony (the "Testimony Subpoena"). Both subpoenas were issued in connection with the SEC's formal investigation into potential violations of the federal securities laws related to the SEC filings of a public company named Viking Energy Group, Inc., f/k/a Viking Investments Group, Inc. ("Viking").

4.      The SEC began investigating Viking following receipt of information concerning the resignation of Viking's outside auditing firm. That information indicated that Viking's SEC filings may contain material misrepresentations and omissions, as well as concerns regarding the integrity of its management.

5.      On January 13, 2017, pursuant to Sections 21(a) and 21(b) of the Exchange Act, 15 U.S.C. §§ 78u(a) & 78u(b), the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation captioned "In the Matter of Viking Investments Group. Inc. (HO-13194)" (the "Formal Order").

6.      The SEC's investigation relates to multiple possible violations of the securities laws, including possible fraud by Viking and/or current and former officers and directors of Viking in connection with Viking's annual and quarterly report disclosures regarding certain consultant fees, loan defaults, and the valuation of Viking's oil and gas properties, as well as Viking's disclosures regarding its chief financial officer and a member of its board of directors.

7.      Simeo has held several high-ranking positions at Viking. From August 2008 until December 2014, Simeo was Viking's CEO and Chairman of the Viking Board

of Directors. Simeo was Executive Chairman of Viking from December 2014 until his resignation from the firm on May 16, 2017. It appears that Simeo also served as Viking's interim CFO from July 5, 2016 until his recent resignation. Thus, it is indisputable that Simeo has information that would be relevant to the SEC's investigation.

8. The SEC issued a subpoena for documents to Viking on February 1, 2017 (the "Viking Subpoena"). The Viking Subpoena is attached as Exhibit 4 to the D'Allaird Decl., submitted herewith. Viking produced copies of various responsive documents, but indicated that Simeo was the only person who might have certain responsive documents, including any communications, either directly or involving an intermediary, with two of the company's identified board members, Townsend Tang ("Tang") and Guangfang "Cecile" Yang ("Yang"). The company had also previously identified Yang as its CFO in several SEC filings. The company was unable to produce a single document containing communications, either directly or involving an intermediary, with either of these persons. The SEC staff was told by Viking's counsel that Simeo communicated with Tang and Yang primarily through an internet functionality known as "WeChat," a Chinese social media application, and that these communications involved an intermediary who spoke English. Counsel further told the SEC staff that Simeo apparently is unable to access records and communications stored on his laptop.

9. Because Viking represented that Simeo was the only person who had responsive documents with respect to these matters, the SEC issued the Document Subpoena directly to Simeo on March 10, 2017. The Document Subpoena (Exhibit 8 to the D'Allaird Decl.) required Simeo to produce documents and communications related to, among other things: Viking's organization, officers, and directors; its loans; its use of,

and payment for, consulting services; its SEC filings; any share issuances; board minutes; oil and gas assets; and Viking's outside auditors. The Document Subpoena also requested that Simeo create verified forensic images for any computers, computer hard drives, or handheld electronic devices (*e.g.,* smartphones) that he had used from January 1, 2013, until the March 24, 2017 return date of the Document Subpoena. Simeo has produced only two documents in response to the Document Subpoena (neither of which are communications, either directly or involving an intermediary, with Tang or Yang). Instead, he apparently has delivered certain computer equipment and electronic devices to a law firm that briefly represented him. (See D'Allaird Decl. at ¶¶ U-Y).

10. The SEC then sought to take the personal testimony of Simeo and issued the Testimony Subpoena on August 3, 2017. Simeo was personally served with the Testimony Subpoena on August 8, 2017. The Testimony Subpoena required Simeo to appear at the SEC's headquarters in Washington, D.C., on September 26, 2017, to provide testimony relating to the investigation. The Testimony Subpoena is attached as Exhibit 18 to the D'Allaird Decl. Although Simeo admitted that he received the Testimony Subpoena and originally agreed to appear, he failed to appear for testimony on the appointed date.

11. The requested documents and testimony are unquestionably relevant to the ongoing investigation into possible violations of the federal securities laws. The SEC respectfully requests that the Court issue an Order, in the form submitted, requiring Simeo to show cause why he should not be ordered by this Court to produce documents

and records pursuant to the Document Subpoena and appear for testimony pursuant to the SEC's Testimony Subpoena.[1]

12.     Jurisdiction is conferred upon this Court, and venue properly lies within the District of Columbia, pursuant to Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(c).  Venue is proper before this Court because the investigation is being conducted by SEC counsel in the SEC's headquarters in Washington, D.C. and an SEC subpoena enforcement action may be brought in any district court "within the jurisdiction of which such investigation or proceeding is carried on." 15 U.S.C. § 78u(c). WHEREFORE, the SEC respectfully requests:

**I.**

That the Court enter an Order to Show Cause, in the form submitted, directing Respondent Simeo to show cause why this Court should not enter the proposed Order requiring production of documents and appearance for testimony;

**II.**

That the Court enter an Order, in the form submitted, requiring Respondent Simeo to comply fully with the both subpoenas; and

---

[1]     The instant Application technically is not a motion subject to Local Rule 7.1(m). Members of the Division of Enforcement staff nevertheless attempted in good faith to resolve the issues raised in this Application with counsel for Simeo and with Simeo himself before filing it.

### III.

That the Court Order such other and further relief as may be necessary and appropriate to achieve compliance with the subpoenas.

Dated: December 4, 2017                    Respectfully submitted,

*s/ John D. Worland, Jr.*
John D. Worland, Jr.
    Assistant Chief Litigation Counsel
Antonia Chion
    Associate Director
Yuri B. Zelinsky
    Assistant Director
Laura D'Allaird
    Staff Attorney

Division of Enforcement
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
(202) 551-4438 (Worland Direct)
worlandj@sec.gov

Attorneys for Applicant